UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DON COOPER                                                          CIVIL ACTION

VERSUS                                                              NO: 20-2091

CAJUN OPERATING COMPANY OF                   SECTION: "H"
OF DELAWARE D/B/A CHURCH'S
CHICKEN ET. AL

## ORDER AND REASONS

Before the Court is Plaintiff's Motion to Remand (Doc. 8). For the following reasons, the Motion is GRANTED and the above-captioned matter is hereby REMANDED to the Civil District Court for the Parish of Orleans, State of Louisiana.

## BACKGROUND

This case arises out of a civil action brought by Plaintiff Don Cooper in the Civil District Court for the Parish of Orleans against Defendants Cajun Operating Company of Delaware d/b/a Church's Chicken ("Church's"), Towne Square Associates, LP ("Towne"), ABC Insurance Company, XYZ Insurance Company, Bridgette Washington, and Kirt Coleman. Cooper alleges personal injuries as a result of an electrocution caused by a hazardous and dangerous

1

condition located on property owned by Towne and operated as a restaurant by Church's. Defendant Church's removed the action to this Court on the basis of diversity jurisdiction under 28 U.S.C. § 1332, alleging that Bridgette Washington, Kirt Coleman, and Towne are improperly joined. There is no dispute that Plaintiff Cooper, and Defendants Washington, Coleman, and Towne are each Louisiana citizens—thereby destroying diversity jurisdiction. However, Defendant Church's contends that Plaintiff has no reasonable basis on which to state a cause of action against these Defendants. Plaintiff maintains that Washington, Coleman, and Towne are properly joined and that this Court lacks jurisdiction. Accordingly, Plaintiff now moves for remand back to the Civil District Court for the Parish of Orleans.

## **LEGAL STANDARD**

Generally, a defendant may remove a civil state court action to federal court if the federal court has original jurisdiction over the action.[1] The burden is on the removing party to show "[t]hat federal jurisdiction exists and that removal was proper."[2] When determining whether federal jurisdiction exists, courts consider "[t]he claims in the state court petition as they existed at the time of removal."[3] "In making a jurisdictional assessment, a federal court is not limited to the pleadings; it may look to any record evidence, and may receive affidavits, deposition testimony or live testimony concerning the facts

---

[1] 28 U.S.C. § 1441(a).
[2] Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002).
[3] Id.

underlying the citizenship of the parties."[4] Removal statutes should be strictly construed, and any doubt should be resolved in favor of remand.[5]

## LAW AND ANALYSIS

Cases arising under § 1332 require, *inter alia*, complete diversity of citizenship.[6] "The concept of complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side."[7] On its face, this matter lacks complete diversity. Plaintiff Cooper and Defendants Bridgette Washington, Kirt Coleman, and Towne are all citizens of Louisiana. Defendant Church's argues, however, that Washington, Coleman, and Towne were improperly joined for the sole purpose of destroying diversity jurisdiction and that Plaintiff cannot succeed on a claim against these Defendants.

"Fraudulent joinder can be established by demonstrating either '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'"[8] Generally, the court conducts an analysis similar to that employed in the context of Rule 12(b)(6), asking whether there is a legal basis for recovery assuming the facts in the complaint as true.[9] In certain circumstances, however, the court may pierce the pleadings and conduct a summary inquiry.

---

[4] Coury v. Prot, 85 F.3d 244, 249 (5th Cir. 1996).
[5] *Id.*
[6] Stiftung v. Plains Mktg., L.P., 603 F.3d 295, 297 (5th Cir. 2010) (citations omitted).
[7] McClaughlin v. Miss. Power Co., 376 F.3d 344, 353 (5th Cir. 2004) (internal quotation marks and citations omitted).
[8] Crockett v. R.J. Reynolds Tobacco Co., 436 F.3d 529, 532 (5th Cir. 2006).
[9] Smallwood v. Ill. Cent. R.R Co., 385 F.3d 568, 573 (5th Cir. 2004) (en banc).

"[A] summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant."[10] Examples of such facts include "the in-state doctor defendant did not treat the plaintiff patient, the in-state pharmacist defendant did not fill a prescription for the plaintiff patient, a party's residence was not as alleged, or any other fact that easily can be disproved if not true."[11] The court evaluates all of the contested factual allegations in the light most favorable to the plaintiff and resolves any uncertainties in the controlling state's substantive law in the plaintiff's favor.[12] The burden of showing fraudulent joinder is a "heavy one."[13]

First, the Court considers whether Plaintiff can establish a cause of action against Defendants Washington and Coleman. Washington and Coleman are store managers at the Church's restaurant where Plaintiff was injured.

> Under Louisiana law, a store manager or employee may be personally liable for a customer's injury on store premises only if (1) the employer owes a duty of care to the customer; (2) the employer delegated that duty to the employee; (3) and the employee breached this duty through his own personal fault and lack of ordinary care.[14]

---

[10] *Id.*
[11] *Id.* at 574, n.12.
[12] Travis v. Irby, 326 F.3d 644, 648 (5th Cir. 2003).
[13] *Id.* at 649.
[14] Giles v. Wal-mart Louisiana, LLC, No. 16-2413, 2016 WL 2825778 *1, *3 (E.D. La. 2016) (citing Moore v. Manns, 732 F.3d 454, 456–57 (5th Cir. 2013); Canter v. Koehring Co., 283 So. 2d 716, 721 (La. 1973), *superseded on other grounds by statute*, LA. REV. STAT. § 23:1032).

4

Here, it is undisputed that Church's, the employer, owes a duty of care to its customers. Pursuant to Louisiana Revised Statutes § 9:2800.6, "[t]his duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage." The Complaint alleges that as store managers, Bridgette Washington and Kirt Coleman had certain duties with regard to store safety, were aware of the existence of a hazardous condition on the premises, and failed to take any action to timely remedy the condition. "An employee who has personal knowledge of a danger and fails to cure the risk of harm may be liable for a plaintiff's injuries" under Louisiana law.[15] Accordingly, Plaintiff has pleaded enough facts to state a claim for relief that is plausible on its face. Further, in support of his allegations, Plaintiff submitted affidavits demonstrating that Coleman and Washington were aware of the hazardous electrical condition for several years and had promised to fix it. Defendant has not provided this Court with any evidence to the contrary or shown that the store managers did not owe Plaintiff a duty. Indeed, Defendant has not made any effort to carry its burden to show that Plaintiff has no possibility of recovery against Coleman and Washington. Accordingly, Plaintiff has stated a cause of action against Kirt Coleman and Bridgette Washington under Louisiana law. Because Plaintiff and Defendants Coleman and Washington are each citizens of Louisiana, this Court lacks diversity jurisdiction over this dispute, and remand is therefore proper.

---

[15] Amaya v. Holiday Inn New Orleans-French Quarter, No. CIV.A. 11-1758, 2011 WL 4344591, at *3 (E.D. La. Sept. 15, 2011).

## CONCLUSION

For the foregoing reasons, the Motion is GRANTED, and this matter is REMANDED to the Civil District Court for Orleans Parish.

New Orleans, Louisiana this 7th day of December, 2020.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**